IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**HEATHER WISEMAN**                          **PLAINTIFF**

vs.                      No. 1:21-cv-85

**DRIPTI, LLC, THE BUDZ VAPES, LLC,**        **DEFENDANTS**
**and NIRMAL VASWANI**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Heather Wiseman ("Plaintiff"), by and through her attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against Dripti, LLC, The Budz Vapes, LLC, and Nirmal Vaswani (collectively "Defendant" or "Defendants"), she does hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II.  JURISDICTION AND VENUE

3.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4.      The acts alleged in this Complaint had their principal effect within the Austin Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

5.      Plaintiff is an individual and resident of Travis County.

6.      Separate Defendant Dripti, LLC ("Dripti"), is a domestic limited liability company.

7.      Dripti's registered agent for service of process is Nirmal Vaswani, at 4825 Davis Lane, Apartment 1625, Austin, Texas 78749.

8.      Separate Defendant The Budz Vapes, LLC ("Budz Vapes"), is a domestic limited liability company.

9.      Budz Vapes's registered agent for service of process is Nirmal D. Vaswani, at 1369 Heep Run, Buda, Texas 78610.

10.     Separate Defendant Nirmal Vaswani ("Vaswani") is an individual and resident of Texas.

11.     Vaswani also goes by the names Mike Vas, Mike Smith, John Smith and John Williams.

## IV.      FACTUAL ALLEGATIONS

12.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13.     Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

14.     Upon information and belief, the revenue generated from Dripti and Budz Vapes was merged and managed in a unified manner.

15.     As a result of this unified operation, control and management, through shared employees and ownership with the authority to establish wages and wage policy, Defendants operated as a single enterprise.

16.     Vaswani is a principal, director, officer, and/or owner of Dripti and Budz Vapes.

17.     Vaswani took an active role in operating Dripti and Budz Vapes and in the management thereof.

18.     Vaswani, in his role as an operating employer of Dripti and Budz Vapes, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

19.     Vaswani, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

20.     Vaswani acted as the employer of Plaintiff and is and has been engaged in interstate commerce as that term is defined under the FLSA.

21.     Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as liquor, vehicles and fuel.

22.      Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

23.     Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

24.     Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

25.     Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

26.     At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

27.     Defendant owns multiple businesses within a strip mall in Buda, including a furniture store, a vape store, a liquor store and a U-Haul dealership.

28.     Plaintiff was employed by Defendant from March of 2018 until December of 2020.

29.     Plaintiff worked at several of Defendant's businesses within the strip mall.

30.     For the first few months of Plaintiff's employment, she was paid entirely by commission for the furniture that she sold to Defendant's customers. Her total commissions generally averaged out to be approximately $700.00 to $1,000.00 per week.

31.     Eventually, Defendant began paying Plaintiff by the week and generally paid Plaintiff between $1,000.00 and $1,300.00 per week.

32.     Defendant purported to classify Plaintiff as a salaried employee, but her weekly pay was subject to the discretion of Vaswani and regularly fluctuated.

33.     Upon information and belief, Plaintiff's pay was unrelated to the number of hours she worked per week.

34.     At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

35.     Plaintiff's primary job duty was to assist Defendant's customers, whether they were shopping for furniture, liquor or vaping accoutrements. Plaintiff was also responsible for cleaning the stores, sending payments to vendors and stocking the shelves.

36.     Plaintiff did not have the authority to hire, fire or evaluate other employees.

37.     Plaintiff did not exercise discretion or independent judgment as to matters of significance.

38.     Plaintiff sought input from Defendant in lieu of making significant decisions on her own.

39.     Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

40.     Plaintiff generally worked for Defendant 6 days of the week (every day except Sunday).

41.     Plaintiff regularly worked over forty hours per week.

42.     Plaintiff estimates she regularly worked between 60 to 72 hours per week.

43.     Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

44.     At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours she worked over forty per week.

45.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

## V.     CAUSE OF ACTION—VIOLATION OF THE FLSA

46.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

48.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

49.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

50.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

51.     At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

52.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

53.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

54.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.    PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Heather Wiseman respectfully prays as follows:

A.    That each Defendant be summoned to appear and answer this Complaint;

B.    That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D.    Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E.    Judgment for liquidated damages pursuant to the FLSA;

F.    An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G.    For a reasonable attorney's fee, costs, and interest; and

H.    Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF HEATHER WISEMAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com